# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY BELTRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-111 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In this case brought seeking judicial review of denial of Social Security benefits, Plaintiff Jimmy Beltran has filed a motion for summary judgment.[1] Beltran argues that the Administrative Law Judge deciding his Social Security claim erred because he failed to address a decision from Veterans' Affairs granting disability benefits to Beltran. Defendant Michael J. Astrue, Commissioner of Social Security, has filed a motion for summary judgment and supporting brief,[2] to which Plaintiff has responded.[3] Having considered the parties' briefing, the applicable legal authorities,

---

[1] Motion for Summary Judgment [Doc. # 15] ("Plaintiff's Motion").

[2] Motion for Summary Judgment [Doc. # 16] ("Defendant's Motion"); Brief in Support of Defendant's Motion for Summary Judgment [Doc. # 17] ("Defendant's Brief").

[3] Plaintiff Jimmy Beltran's Reply to Defendant's Brief in Support of Its Motion for
(continued...)

and all matters of record, the Court concludes that Plaintiff's Motion should be **granted** and Defendant's Motion should be **denied**.

## I.     BACKGROUND

### A.     Procedural Background

On May 17, 2005, Beltran filed an application with the Social Security Administration ("SSA") for Title II disability insurance benefits and Title XVI supplemental security income.[4]  He claimed disability beginning on April 1, 2003. After being denied benefits initially and on reconsideration, Beltran timely requested an administrative hearing before an Administrative Law Judge ("ALJ") to review the decision.

ALJ Richard L. Abrams held a hearing on January 24, 2008, in Houston, Texas.[5] The ALJ heard testimony from a Vocational Expert and two Medical Experts. In a decision dated May 14, 2008, the ALJ concluded that Beltran was not disabled within the meaning of the Social Security Act during the relevant time period, and

---

[3]    (...continued)
       Summary Judgment [Doc. # 18] ("Plaintiff's Reply").

[4]    R. 75.

[5]    R. 342-422 (hearing transcript).

therefore denied his application for benefits.[6]  On October 31, 2008, the Appeals Council denied Beltran's request to review the ALJ's decision, rendering the ALJ's determination final.[7]  Beltran filed this case on January 14, 2009, seeking judicial review of the Commissioner's denial of his claim for benefits.[8]

### B. Factual Background

For purposes of disability benefits, Plaintiff's date last insured (DLI) is December 31, 2010, and Beltran must establish disability existing prior to that date. Beltran alleges disability based on hepatitis C; depression; sleep apnea; and neck and back pain resulting from a work-related injury on November 1, 2005.  Plaintiff received treatment for these conditions at the Veterans' Affairs ("VA") Medical Center in Houston.

On August 15, 2006, Beltran was found disabled by the VA, based on an application filed on April 28, 2006.[9]  He was granted benefits of $1,154 per month for himself and his dependent son, and was informed that the monthly benefit would be

---

[6]   R. 13-21 (ALJ Decision).

[7]   R. 3.

[8]   Complaint [Doc. # 1].

[9]   R. 255-57.

reduced to $881 when his son reached the age of eighteen.[10] The reasons provided for the decision are as follows:

> The veteran is unable to secure and follow a substantially gainful occupation due to disability. The veteran is 49 years old, has a level of education reported as 10th grade, and last worked in November 2003 as a construction worker. This evidence shows the veteran to be disabled due to his diability(ies) of hepatitis C, degenerative disc disease of the cervical spine and sleep apnea.[11]

This disability determination was in the record before the ALJ, and the ALJ's decision references the monthly benefits.[12] However, the ALJ's decision does not discuss the VA's determination that Beltran is disabled.

## II.  **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[13] Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials

---

[10]   R. 255.

[11]   R. 256.

[12]   R. 17 (Beltran "gets VA disability benefits ($1,220.00 per month)").

[13]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[14] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

## III.  STANDARD OF REVIEW

Judicial review of the Commissioner's denial of disability benefits is limited to two inquiries: first, whether the final decision is supported by substantial evidence on the record as a whole, and second, whether the Commissioner applied the proper legal standards to evaluate the evidence.[16] "Substantial evidence" is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[17] It is more than a mere scintilla and less than a preponderance.[18]

When applying the substantial evidence standard on review, the court

---

[14]  FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[15]  *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[16]  *See Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[17]  *Audler*, 501 F.3d at 447 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[18]  *Id.*; *Perez*, 415 F.3d at 461; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

scrutinizes the record to determine whether such evidence is present.[19] In determining whether substantial evidence of disability exists, the court weighs four factors: (1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[20] If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.[21] Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision.[22] The court may not, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.[23] In short, conflicts in the evidence are for the Commissioner, not the courts, to resolve.[24]

---

[19] *Perez*, 415 F.3d at 461; *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[20] *Perez*, 415 F.3d at 462 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)).

[21] *Id.* at 461 (citing *Richardson*, 402 U.S. at 390); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).

[22] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

[23] *Audler*, 501 F.3d at 447; *Masterson*, 309 F.3d at 272.

[24] *Perez*, 415 F.3d at 461; *Masterson*, 309 F.3d at 272.

## IV. ANALYSIS

### A. Statutory Basis for Benefits

Beltran applied for both Social Security disability insurance and Supplemental Security Income (SSI) benefits.  Social Security disability insurance benefits are authorized by Title II of the Social Security Act.  The disability insurance program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured[25] *and* disabled,[26] regardless of indigence.

SSI benefits are authorized by Title XVI of the Social Security Act, and provides an additional resource to the aged, blind and disabled to assure that their income does not fall below the poverty line.[27]  Eligibility for SSI is based on proof of disability[28] and indigence.[29]  A claimant applying to the SSI program cannot receive payment for any period of disability predating the month in which he applies for benefits, no matter how long he has actually been disabled.[30]  Thus, the month following an application fixes the earliest date from which SSI benefits can be paid.

---

[25]   42 U.S.C. § 423(c) (definition of insured status).

[26]   42 U.S.C. § 423(d) (definition of disability).

[27]   20 C.F.R. § 416.110.

[28]   42 U.S.C. § 1382c(a)(3) (definition of disability).

[29]   42 U.S.C. §§ 1382(a) (financial requirements).

[30]   *Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); 20 C.F.R. § 416.335.

Eligibility for SSI, however, is not dependent on insured status.

While these are separate and distinct programs, applicants to both programs must prove "disability" under the Act, which defines disability in virtually identical language for the two programs. Under both provisions, "disability" is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[31] The law and regulations governing the determination of disability are the same for both programs.[32]

## B.  Determination of Disability

When determining whether a claimant is disabled, an ALJ must engage in a five-step sequential inquiry, as follows: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment in Appendix 1 of the regulations; (4) whether the claimant is capable of performing past relevant

---

[31]  42 U.S.C. § 423(d)(1)(A) (disability insurance); 42 U.S.C. § 1382c(3)(A) (SSI).

[32]  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

work; and (5) whether the claimant is capable of performing any other work.[33] The claimant has the burden to prove disability under the first four steps.[34] If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant is capable of performing other substantial gainful employment that is available in the national economy.[35] Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut the finding.[36] A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis.[37]

In this case, at step one, the ALJ found that the claimant had "reported earnings in 2005 of $10,905.96," and that those earnings "are indicative of substantial gainful activity."[38] At step two, the ALJ found that Beltran had the following four severe

---

[33] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453. The Commissioner's analysis at steps four and five is based on the assessment of the claimant's residual functional capacity ("RFC"), or the work a claimant still can do despite his or her physical and mental limitations. *Perez*, 415 F.3d at 461-62. The Commissioner assesses the RFC before proceeding from step three to step four. *Id.*

[34] *Id.* at 461; *Myers*, 238 F.3d at 619.

[35] *Perez*, 415 F.3d at 461; *Masterson*, 309 F.3d at 272; *Greenspan*, 38 F.3d at 236.

[36] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

[37] *Perez*, 415 F.3d at 461 (citing 20 C.F.R. § 404.1520(a)).

[38] R. 15.

impairments: hepatitis C, sleep apnea, degenerative disc disease, and depression.[39] At step three, the ALJ found that Beltran's impairments, considered individually and in combination, did not meet or medically equal a listed impairment.[40]

The ALJ then found that Beltran had residual functional capacity to perform light work, with certain limitations.[41] At step four, the ALJ found that Beltran was unable to perform any past relevant work.[42] At step five, the ALJ found Beltran capable of performing other work that exists in the national and regional economy.[43]

### C.     Plaintiff's Argument for Reversal

Plaintiff raises a single ground for reversal of the Commissioner's decision denying benefits: the ALJ failed to discuss or explain the evidentiary weight of the VA's determination that Beltran is disabled. Although the ALJ's decision references Beltran's monthly disability benefits from the VA,[44] the decision does not discuss the VA's determination that Beltran is disabled and unable to maintain employment.

---

[39] R. 15.

[40] R. 15.

[41] R. 16-19.

[42] R. 19.

[43] R. 20.

[44] R. 17 (Beltran "gets VA disability benefits ($1,220.00 per month)").

Under Fifth Circuit law, the ALJ is required to consider the VA's disability determination:

> A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.[45]

Although in most cases the VA's determination is entitled to "great weight," the "relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case."[46] However, an ALJ who declines to give great weight to the VA determination must "adequately explain the valid reasons for not doing so."[47] An ALJ's failure to apply this rule is grounds for reversal.[48]

---

[45] *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 683, 686 (5th Cir. 1981)); *see Vaught v. Astrue*, 271 F. App'x 452 (5th Cir. 2008).

[46] *Chambliss*, 269 F.3d at 522.

[47] *Id*. *Chambliss* went on to hold that, although the ALJ in the case had not given "great weight" to the VA determination, the ALJ had not erred "[b]ecause the ALJ considered the VA disability determination and set forth valid reasons for giving the determination diminished weight." *Id*. at 523. Similarly, in *Vaught*, the ALJ gave diminished weight to the VA's disability rating, but the Fifth Circuit found no error because the ALJ had explained that the relevant VA regulations were inconsistent with Social Security regulations. *Vaught*, 271 F. App'x at 454-55.

[48] *See J.W.M. v. U.S. Comm'r Soc. Sec. Admin.*, 2009 WL 3645101, *2 (W.D. La. Oct. 30, 2009) (Hornsby, M.J.) (ALJ's failure to consider the VA's disability determination and lack of "explanation of valid reasons for not giving great or some other level of weight to the VA decision" is reversible error under *Chambliss*); (continued...)

The same requirement is imposed by SSR 06-03p, a Policy Interpretation Ruling from the SSA which is issued "[t]o clarify . . . how we consider decisions by other governmental and nongovernmental agencies on the issue of disability or blindness."[49] The ruling quotes federal regulations providing that a determination of disability from another agency, such as the VA, is not binding on the SSA. It then states as follows:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, ***evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered***.
>
> \* \* \* \*
>
> . . . [B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, ***the adjudicator should explain the consideration given to these decisions*** . . .[50]

---

[48] (...continued)
*McCown v. Astrue*, 2008 WL 706704, \*17 (S.D. Tex. March 14, 2008) (Botley, M.J.) (because ALJ acknowledged claimant's VA disability rating but failed to scrutinize the VA determination, "this case must be remanded for the ALJ to afford the VA disability rating the proper evaluation and/or consideration"); *Welch v. Barnhart*, 337 F. Supp. 2d 929, 935-36 (S.D. Tex. 2004) (Botley, M.J.) (ALJ's failure to discuss claimant's VA disability rating and total disregard of his VA disability determination was reversible error).

[49] SSR 06-03p (2006).

[50] *Id.* at Section II (citations omitted) (emphasis added).

In this case, the ALJ failed to consider the VA's determination that Beltran was disabled, and provided no reasons that the determination was not entitled to great weight. Because the ALJ failed to apply the "proper legal standards,"[51] the Commissioner's decision is reversed pursuant to Sentence Four of Section 205(g) of the Social Security Act.[52]

Beltran urges this Court not to remand to the Commissioner but to direct an award of disability benefits. However, the VA's determination that Beltran was disabled, although erroneously disregarded by the ALJ, does not automatically entitle Beltran to Social Security benefits.[53] On remand, the ALJ must consider the VA determination along with other relevant evidence. This Court is not free to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.[54]

## V.   CONCLUSION

For the foregoing reasons, it is hereby

---

[51]   *See Audler*, 501 F.3d at 447.

[52]   42 U.S.C.A. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

[53]   *See Chambliss*, 269 F.3d at 522 (SSA and VA have different criteria for disability determinations).

[54]   *Audler*, 501 F.3d at 447; *Masterson*, 309 F.3d at 272.

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 15] is **GRANTED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **DENIED**. It is further

**ORDERED** that this case is **REVERSED** and **REMANDED**, pursuant to Sentence Four of 42 U.S.C. § 405(g), for a new hearing before the Commissioner.

A separate final judgment will issue.

SIGNED at Houston, Texas, this 9th day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge