# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY BELTRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-111 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Jimmy Beltran has filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. # 22] ("Motion").  Defendant does not oppose an award of reasonable fees to Plaintiff, but argues that the amount of time billed by Plaintiff's counsel is excessive.[1]  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's request for fees should be **granted** to the extent stated herein.

On February 9, 2010, this Court entered a Memorandum and Order [Doc. # 20] granting Plaintiff's motion for summary judgment.  The order remanded the case to the Commissioner for a new hearing, pursuant to Sentence Four of 42 U.S.C. § 405(g),

---

[1]     Defendant's Objection and Response to Plaintiff's Motion for Attorney Fee under the Equal Access to Justice Act [Doc. # 23] ("Response").

because the Administrative Law Judge who denied Plaintiff Social Security disability benefits failed to discuss or explain the evidentiary weight of a determination by the Veterans' Administration that Plaintiff is disabled and unable to maintain employment.

Plaintiff's counsel now seeks $8,181.33 in attorneys' fees for his representation of Plaintiff in this Court.  This total amount includes 47.55 hours of attorney time compensated at $166.98 per hour,[2] and 2.3 hours of paralegal time compensated at $105 per hour.

The Equal Access to Justice Act ("EAJA") provides for attorneys' fees in certain successful actions brought against the United States:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[3]

An award of fees therefore is mandated if (1) the claimant is a "prevailing party," (2)

---

[2]    Counsel's requested rate is calculated by adjusting the base hourly rate of $125 (set in March 1996) for cost-of-living increases.  Motion, at 1-2.

[3]    28 U.S.C. § 2412(d)(1)(A).

the position of the United States was not "substantially justified," and (3) no special circumstances make an award unjust.[4]

In this case, Plaintiff was the prevailing party before this Court. Defendant has made no argument that its position was "substantially justified" or that special circumstances militate against an award of fees. In fact, Defendant does not oppose an award of reasonable fees to Plaintiff, and does not object to counsel's hourly rate.[5] The Court concludes that an award of fees to Plaintiff's counsel is appropriate under EAJA.

The Court next addresses whether the amount of time billed by Plaintiff's counsel is excessive. An award of attorney's fees under EAJA must be reasonable.[6] When determining the reasonableness of a fee request, the Court applies the factors articulated in *Johnson v. Georgia Highway Express, Inc.*[7] The twelve factors are:

1.      the time and labor required;

2.      the novelty and difficulty of the questions;

---

[4]     *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)).

[5]     Rather, Defendant objects to the number of hours billed by counsel. Response, at 1.

[6]     28 U.S.C. § 2412(b); *Sanders v. Barnhart*, 2005 WL 2285403, *2 (5th Cir. 2005).

[7]     *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Armstrong v. Astrue*, 305 F. App'x 244, 245 n. 1 (5th Cir. 2008) (*Johnson* factors are relevant to calculation of EAJA fee awards).

3.      the skill requisite to perform the legal service properly;

4.      the preclusion of other employment by the attorney due to acceptance of the case;

5.      the customary fee;

6.      whether the fee is fixed or contingent;

7.      time limitations imposed by the client or the circumstances;

8.      the amount involved and the results obtained;

9.      the experience, reputation, and ability of the attorneys;

10.     the "undesirability" of the case;

11.     the nature and length of the professional relationship with the client; and,

12.     awards in similar cases.[8]

The Fifth Circuit has held that a district court need not examine each of the factors independently "if it is apparent that the court has arrived at a just compensation based upon appropriate standards."[9]

Plaintiff's counsel requests compensation for 47.55 hours of attorney time and 2.3 hours of paralegal time. The Court finds that this amount of time is excessive and thus unreasonable, given the litigated issues in the case. Plaintiff's counsel is an

---

[8]     *Johnson*, 488 F.2d at 717-19.

[9]     *Sanders*, 2005 WL 2285403 at *2 (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987)).

experienced attorney and achieved a favorable result for his client.  He accordingly performed a valuable service to his client.  However, the case did not involve novel or difficult issues, and the issue upon which Plaintiff prevailed (the ALJ's failure to discuss the Veterans' Administration's finding that Plaintiff was disabled) was the only issue raised in Plaintiff's motion for summary judgment.   Plaintiff's memorandum supporting his summary judgment motion was eight pages long, including the certificate of service and proposed order.[10]  His reply brief, which covered the same issue, was five pages long.[11]  The number of pages in the briefing was appropriate for the case, given the simple legal issue presented.  The record in no way supports counsel's request that he be compensated for 47.55 hours of attorney time in this case.  For the reply brief, for example, counsel claims 4.7 hours of research and 9.0 hours of drafting for a brief that was five pages and covered one issue, an issue that largely had been addressed in Plaintiff's opening brief.[12]  In addition, counsel claims 6.5 hours for preparation of his EAJA fee request, which was a minimalist two-page motion, with a billing record submitted in support.  While the Court understands that counsel was required to review the entire administrative file

---

[10]     *See* Doc. # 15.

[11]     *See* Doc. # 18.

[12]     Counsel also claims 1.3 hours to review Defendant's brief, which was eight pages long, and 1.4 hours to review this Court's straightforward fourteen-page opinion.

to identify potential issues for appeal, there was nothing in this record of any complexity, particularly for an attorney as skilled as Plaintiff's counsel.  In sum, therefore, the amount of time claimed is excessive.

Furthermore, several tasks claimed by counsel—for example, document filing and calendaring—could have been performed by support staff at a lower rate.

The Court approves the paralegal time and rate for while payment is sought.

The Court concludes that counsel's claimed hours are excessive, and that a reasonable amount of attorney time for this case is 30.00 hours.  Plaintiff's counsel therefore shall recover $5,009.40 in attorneys' fees (30.00 hours x $166.98) and $241.50 in paralegal fees (2.3 hours x $105).

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access for Justice Act [Doc. # 22] is **GRANTED IN PART**.  **Plaintiff's counsel is awarded $5,250.90 in attorney and paralegal fees.**  It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay William C. Herren $5,250.90 as reasonable and necessary attorneys' fees incurred on behalf of Plaintiff in this matter.

SIGNED at Houston, Texas, this **28ᵗʰ** day of **April, 2010**.

6

Nancy F. Atlas
United States District Judge